FILED USDC-NDTX-FW AUG 24 2026 PM3:22

4-26CV1047-O

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**IN RE: SEARCH WARRANTS EXECUTED MAY 23, 2016 AND JANUARY 31, 2017**

**Misc. No. ________________**

# BRIEF IN SUPPORT OF PRO SE MOTION TO IDENTIFY AND UNSEAL SEARCH-WARRANT PROCEEDINGS

## USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

This brief was prepared with the assistance of generative artificial intelligence. Movant reviewed the brief and is responsible for the filing and the representations made in it.

## I. ISSUE PRESENTED

Whether the Court should identify two search-warrant proceedings that Movant cannot locate because they may be sealed and, once identified, apply the Fifth Circuit's case-specific common-law access analysis to determine whether the warrant materials should now be unsealed, in whole or in appropriately redacted form.

## II. ARGUMENT

The Fifth Circuit recognizes a qualified common-law right of access to judicial records. In United States v. Sealed Search Warrants, 868 F.3d 385, 390, 396-98 (5th Cir. 2017), the court addressed sealed probable-cause affidavits supporting pre-indictment search warrants and held that the district court must conduct a case-by-case balancing of the public's right of access against interests favoring nondisclosure and must articulate sufficiently detailed reasons for continued sealing.

That framework applies directly to the type of records Movant seeks. The requested applications and probable-cause affidavits were submitted to a judicial officer to obtain authority to search Movant's property. Movant therefore asks the Court to identify the proceedings and determine whether the reasons that justified sealing when the investigations were active continue to justify sealing approximately nine to ten years later.

Movant was never charged with any criminal offense arising from either investigation or search. That fact does not by itself establish that every sealing interest has disappeared, but it is relevant to the present, case-specific balancing required by Sealed Search Warrants. Nearly a decade after the searches, the Court should evaluate any asserted need for continued secrecy based on current circumstances rather than presume that the reasons for the original sealing continue indefinitely.

Movant does not contend that every word must necessarily be disclosed. If confidential informant information, personal identifiers, information concerning uninvolved third parties, investigative techniques, or other material remains properly protected, redaction is a narrower alternative to maintaining the entire judicial record under seal.

The Fifth Circuit has reiterated that sealing decisions require individualized consideration. See Vantage Health Plan, Inc. v. Willis-Knighton Medical Center, 913 F.3d 443, 450-51 (5th Cir. 2019). The Fifth Circuit has also emphasized consideration of less restrictive alternatives to sealing, including redaction.

Movant's inability to provide the docket numbers should not prevent the Court from reaching the access question. The dates of execution, location, executing agency, Movant's identity, and recollection of the issuing magistrate provide information from which the Clerk may be able to identify the underlying proceedings. Once identified, the Court can direct that this motion be associated with the appropriate dockets or require Movant to refile or supplement as appropriate.

## III. CONCLUSION

Movant respectfully requests that the Court identify the two underlying warrant proceedings and then order the requested judicial records unsealed. If complete unsealing is not

appropriate, Movant requests disclosure of redacted versions that protect only information for which a present need for confidentiality remains.

Respectfully submitted,

Justin Shafer, Pro Se
Bar No.: N/A (Pro Se)
5400 Haltom Rd. Apt 2110
Haltom City TX. 76137
Telephone: (817) 909-4222
Facsimile: None
Email: justinshafer@gmail.com